SANDRA J. PAWLUSIAK, APPELLEE, V.
KEITH A. PAWLUSIAK, APPELLANT.

645 N.W.2d 773

Filed June 7, 2002. No. S-00-1114.

John F. Eker III for appellant.

Judith D. Retelsdorf for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

In this appeal, Keith A. Pawlusiak asks us to review two findings of the district court for Douglas County arising from the dissolution of his marriage with Sandra J. Pawlusiak. The first issue is whether the $30,000 annuity payment made as part of a workers' compensation settlement award to Keith constitutes income for purposes of calculating child support. The annuity was payable at the end of 5 years. The district court divided the $30,000 evenly over 5 years and increased Keith's monthly

income by $500 per month. The second issue is whether the district court abused its discretion in deducting real estate sales expenses from the value of the marital home.

## BACKGROUND

On March 15, 2000, the district court entered a decree dissolving the 18-year marriage of Sandra and Keith. The district court did not make any findings related to the marital estate or any other financial matters, but, rather, ordered that a hearing on these matters would be held at a later date. This hearing was subsequently held on August 10. At the hearing, no testimony was received but a number of exhibits were offered and received pertaining to the parties' assets and liabilities.

Two of these exhibits related to Keith's workers' compensation settlement award. In 1986, Keith was involved in an accident arising out of and in the course of his employment. As a result, Keith filed a petition with the Nebraska Workers' Compensation Court.

On April 10, 1995, the compensation court approved a settlement between Keith and his employer and the employer's insurance company. The agreement provided that in exchange for a release of all liability arising from the 1986 accident, the employer and insurance company would (1) pay Keith an initial cash payment of $140,000, (2) pay outstanding medical expenses, (3) establish a medical trust fund to pay future medical expenses, and (4) purchase an annuity for Keith's benefit. This annuity would pay Keith $30,000 after 5 years, $50,000 after 10 years, $75,000 after 15 years, $100,000 after 20 years, $125,000 after 25 years, $150,000 after 30 years, and $150,000 after 35 years. The initial $30,000 payment was due within 1 month of the date of the decree in this case and had been received by Keith at the time of the August 10, 2000, hearing.

At the August 10, 2000, hearing, Keith offered two exhibits relating to the value of the marital home. One of the exhibits was an appraisal report from a certified residential appraiser. Both exhibits deducted "sales charges" of approximately 8 percent to arrive at the present equity. Sandra offered no evidence disputing the exhibits offered by Keith.

In calculating the child support, the district court found that Keith received monthly income of $712 in the form of Social Security disability payments. Addressing the $30,000 annuity payment, the court found that the annuity payment represented "reimbursement of post-decree lost earning capacity" and concluded that the annuity constituted income under the Nebraska Child Support Guidelines. For calculation of child support, the district court divided the $30,000 evenly over 5 years and thus added $500 per month to Keith's income. When added to the Social Security payments, Keith's monthly income was determined to be $1,212 per month. The court ordered Keith to pay $409.91 in child support per month. The decree provided that when only one child remains a minor, which occurred on October 25, 2000, the child support dropped to $285.32 per month.

Regarding the marital home, the district court found that "[t]he property has a present fair market value of $84,000.00, with a mortgage balance of $69,947.69. Assuming hypothetical real estate expenses of $6,720.00, the home has a present net equity of $7,332.31." The home was awarded to Sandra, but because Sandra did not have the resources to purchase Keith's interest, Keith was awarded a lien over the home in the amount of his half of the net equity, or $3,666.15.

## ASSIGNMENTS OF ERROR

Keith assigns that the district court erred in (1) finding that the $30,000 annuity payment was income for purposes of calculating child support and (2) deducting "hypothetical real estate expenses" from the present fair market value of the home when calculating Keith and Sandra's equity in the home.

## STANDARD OF REVIEW

The standard of review of an appellate court in child support cases is de novo on the record, and the decision of the trial court will be affirmed in the absence of an abuse of discretion. *Heesacker v. Heesacker*, 262 Neb. 179, 629 N.W.2d 558 (2001).

The division of property is a matter entrusted to the discretion of the trial judge, which will be reviewed de novo on the record and will be affirmed in the absence of an abuse of discretion. *Harris v. Harris*, 261 Neb. 75, 621 N.W.2d 491 (2001).

## ANALYSIS

### ANNUITY

As previously noted, the 5-year, $30,000 annuity payment was received in full prior to the district court's decision in this case. The district court found that this $30,000, divided evenly over 5 years, was an income item of $500 per month. The court factored $500 per month into Keith's income to arrive at his child support obligation. The district court stated that it was relying on *Parde v. Parde*, 258 Neb. 101, 602 N.W.2d 657 (1999), and further found that the $30,000 contemplated pain and suffering, disfigurement, disability, or the loss of postdivorce earning capacity. In *Parde*, we granted further review to clarify a conflict in the law regarding the extent to which an injured party's personal injury or workers' compensation award should be included in a marital estate. See *id*. We held that

> compensation for an injury that a spouse has or will receive for pain, suffering, disfigurement, disability, or loss of postdivorce earning capacity should not equitably be included in the marital estate. On the other hand, compensation for past wages, medical expenses, and other items that compensate for the diminution of the marital estate should equitably be included in the marital estate as they properly replace losses of property created by the marital partnership.

*Id*. at 109-10, 602 N.W.2d at 663. Here, the trial court properly considered *Parde* in determining whether the annuity payment should be included as part of the marital estate or excluded as indemnity for loss of postdivorce earning capacity. The court incorrectly believed, however, that the annuity payment could represent compensation for pain and suffering. The discussion of pain and suffering in *Parde* was included because the analytical approach was intended to apply to claims for both personal injury and workers' compensation.

Under the Nebraska Workers' Compensation Act, benefits payable to or on behalf of an employee may take the form of payment for medical, surgical, and hospital services, Neb. Rev. Stat. § 48-120 (Reissue 1993); indemnity benefits, Neb. Rev. Stat. § 48-121 (Reissue 1993); or death benefits, Neb. Rev. Stat. § 48-122 (Reissue 1993). Pain and suffering as a separate element

of damages is not recoverable in a workers' compensation case. *Turney v. Werner Enters.*, 260 Neb. 440, 618 N.W.2d 437 (2000).

The $30,000 annuity payment was made to Keith as a result of a workers' compensation settlement award. In addition to the annuity payments made at 5-year intervals, the settlement award separately provided for the payment of past and future medical expenses. Thus, the annuity payment could have been intended only to indemnify Keith for loss of future earning capacity. We conclude that the $30,000 annuity payment, therefore, was in lieu of income.

In our de novo review, we determine that the district court did not abuse its discretion in considering the $30,000 annuity payment to be income for purposes of determining Keith's child support obligation under the guidelines. See, also, *Becker v. Becker*, 6 Neb. App. 277, 573 N.W.2d 485 (1997); *Mehne v. Hess*, 4 Neb. App. 935, 553 N.W.2d 482 (1996).

## REAL ESTATE COMMISSION

In determining that the marital home of Keith and Sandra had a present net equity of $7,332.31, the district court subtracted "hypothetical" real estate expenses of $6,720 from the marital home's present fair market value. Keith argues that these expenses should not have reduced the value of the marital home because they were not necessary or mandatory expenses.

Two exhibits received into evidence at the August 10, 2000, hearing formed the basis for the district court's calculation of the marital home's present net equity. One was a report from a certified residential real estate appraiser, which report stated that real estate sales charges in the amount of 8 percent of the marital home's present fair market value should be deducted to arrive at the home's present net equity. The other exhibit expressly deducted $6,720 of real estate sales charges from the marital home's present fair market value and listed the home's present net equity as $7,332.31. Both exhibits were offered by Keith at the hearing, and the district court accepted Keith's offer and received the exhibits into evidence without objection from any party.

We have previously held that one may not introduce evidence and then maintain that it was error for the court to consider the evidence introduced by that party. *Lincoln Co. Sheriff's Emp.*

*Assn. v. Co. of Lincoln*, 216 Neb. 274, 343 N.W.2d 735 (1984). For that reason, Keith's assignment of error is without merit.

## CONCLUSION

We determine that the district court did not abuse its discretion in including as income in determining Keith's child support obligation the $30,000 annuity payment received from the workers' compensation settlement.

As to the marital home, the only evidence adduced as to the value of the marital home was produced by Keith. Both of Keith's appraisals had deductions for sales charges. In our de novo review, we therefore conclude that Keith's assignment of error as to the district court's determination of the value of the marital home is without merit.

AFFIRMED.